NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SARA M. SAYERS,

      Plaintiff-Appellant,

  v.

ANDREW M. SAUL, Commissioner of
Social Security,

      Defendant-Appellee.

No.   19-35094

D.C. No. 3:17-cv-05967-BAT

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted March 3, 2020**
Seattle, Washington

Before:  IKUTA, R. NELSON, and HUNSAKER, Circuit Judges.

Petitioner Sara Sayers appeals the Social Security Administration's final

decision, which the district court affirmed. She contends the administrative law

judge ("ALJ") erred by not assessing the medical evidence in light of her

---

     \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     \*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

fibromyalgia diagnosis. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

Sayers was diagnosed with fibromyalgia. "In evaluating whether a claimant's residual functional capacity renders them disabled because of fibromyalgia, the medical evidence must be construed in light of fibromyalgia's unique symptoms and diagnostic methods . . . ." *Revels v. Berryhill*, 874 F.3d 648, 662 (9th Cir. 2017). Specifically, fibromyalgia diagnoses are based almost entirely on subjective "reports of pain and other symptoms," and "there are no laboratory tests to confirm the diagnosis." *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004). Thus, the ALJ cannot exclusively rely on objective evidence when assessing a fibromyalgia sufferer's residual functional capacity ("RFC"). *See id.* at 594.

However, when a treating physician indicates that some of a patient's symptoms are not caused by fibromyalgia, as here, the ALJ should determine which symptoms are attributable to fibromyalgia and which are not. To the extent the patient's symptoms are caused by fibromyalgia, the ALJ must assess the patient's self-reporting of those symptoms in light of the fibromyalgia diagnosis. *See Revels*, 874 F.3d at 662; *Benecke*, 379 F.3d at 594. But to the extent the patient's symptoms are not caused by fibromyalgia, the ALJ can discount the patient's self-reports under the typical two-step analysis, *see, e.g.*, *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009), because any potential impact to the

2

patient's RFC due to those symptoms would not be "because of fibromyalgia," *Revels*, 874 F.3d at 662.

Here, the ALJ erred by rejecting Sayers's limitations noted by Don Lathrop and Paul Randall, her treating chiropractors, and Joyce Mills and Linnea Comstock, her treating physical therapists, without fully evaluating this evidence in light of the fibromyalgia diagnosis. *See Revels*, 874 F.3d at 665–66. The ALJ also failed to fully evaluate the findings made by Dr. Nakashima, the rheumatologist who diagnosed Sayers with weakness. Although no neurological condition was identified as causing the weakness, Dr. Nakashima's findings as to Sayers's fibromyalgia-related symptoms must be evaluated in light of Sayers's diagnosis. *See id.* at 662.

The ALJ also erred in evaluating Sayers's subjective symptom testimony about nausea, weakness, fatigue, bowel and bladder issues, double vision, and cognitive problems. Given these are all fibromyalgia symptoms or co-occurring conditions, SSR 12-2p, 77 Fed. Reg. 43640, 43642 nn.9 & 10 (July 25, 2012), the ALJ cannot rely exclusively on objective evidence to the extent these symptoms were caused by Sayers's fibromyalgia; she must also consider the longitudinal record, *Revels*, 874 F.3d at 656–57. Because the ALJ improperly discounted Sayers's testimony and used similar reasons to reject lay witness testimony, the lay witness testimony must also be re-evaluated. *Id.* at 668; *Valentine v. Comm'r Soc.*

*Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

These errors undermine the ALJ's ultimate disability decision, *see Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), and we vacate the judgment and direct the district court to remand this case for the agency to analyze Sayers's fibromyalgia-related symptoms under SSR 12-2p, and evaluate the fibromyalgia-related medical evidence under the proper legal standard. *See Revels*, 874 F.3d at 654–56, 664–68. On remand, the ALJ must distinguish between Sayers's fibromyalgia-related symptoms and other symptoms in the medical record unrelated to this diagnosis. *See id.* Only a reassessment of the fibromyalgia-related evidence is required.

**VACATED AND REMANDED.**